UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY NOVAK GENERAL CONTRACTOR, INC.,<br><br>Defendant. | Case No. 16-cv-04814-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br>Re: Dkt. No. 14 |

In this insurance coverage dispute, plaintiff Everest National Insurance Company seeks summary judgment on its first claim for declaratory relief against Jeffrey Novak General Contractor, Inc. Dkt. No. 14. The Court denies the motion.

Everest has failed to meet its burden of establishing that the earth movement exclusion in its policy applies here and eliminates coverage. The earth movement exclusion provides that the commercial general liability insurance coverage promised by Everest to Novak "does not apply to bodily injury, property damage or personal and advertising injury caused by, resulting from, attributable or contributed to [*sic*], or aggravated by earth movement . . . ." Dkt. No. 1-1, Ex. 1 at ECF p. 52. But the underlying complaint in this case, Dkt. No. 1-1, Ex. 2, does not allege any earth movement at all. It alleges only that the Sadoffs' property, for which Jeffrey Novak General Contractor, Inc. served as the general contractor, suffered "differential settlement" due to "inadequate structural support and inadequate foundation depth and integrity." *Id*. ¶¶ 5, 62. Critically, "differential settlement" and "earth movement" are not one and the same. *See Davis v. United Servs. Auto. Ass'n*, 223 Cal. App. 3d 1322, 1329 (1990) (differentiating between grading and foundation work on the one hand and "anti-earth movement devices" on the other, and explaining that "grading is performed for a variety of reasons including providing an area on

1   which it is cheaper and quicker to build and which may provide a lot more desirable to the final
2   buyer, a foundation also provides support for the structure.").

3   The main cases Everest relies on are inapposite because earth movement was either
4   specifically alleged or stipulated to. *See City of Carlsbad v. Ins. Co. of the State of Pa.*, 180 Cal.
5   App. 4th 176, 179 (2009) (parties stipulated that "a landslide . . . damaged or destroyed a total of
6   15 units and caused damage to the common areas"); *Blackhawk Corp. v. Gotham Ins. Co.*, 54 Cal.
7   App. 4th 1090, 1093 (1997) ("seven home buyers sued Blackhawk and others, asserting defective
8   lot claims based on settlement of their homes, earth movement, water intrusion and defective
9   drainage"); *Probuilders Specialty Ins. Co. v. Double M. Constr.*, 116 F. Supp. 3d 1173, 1176 (D.
10  Nev. 2015) (in underlying complaint, "[o]ne of the underlying theories is that the affected homes
11  are being damaged due to earth movement, specifically differential settlement"). The reference to
12  "differential settlement" in *Double M* does not establish that differential settlement can only be
13  caused by earth movement. Nor do the other two cases support Everest's position that "earth
14  movement" and "differential settlement" must be one and the same.

15  To prevail on the duty to defend at summary judgment, the insurer must negate any
16  possibility of coverage. *Gonzalez v. Fire Ins. Exchange*, 234 Cal. App. 4th 1220, 1230 (2015).
17  And "[w]hen an insurer seeks summary judgment on the ground the claim is excluded, the burden
18  is on the insurer to prove that the claim falls within an exclusion." *Id*. Everest has failed to meet
19  that burden. The underlying complaint alleges only "differential settlement," and the evidence
20  Everest points to in support of its motion also speaks only of "settling." Dkt. No. 14 at 10-11.
21  Everest has not shown that that "settling" could only have been caused by, or that it must be
22  treated as synonymous with, "earth movement." The Court consequently denies summary
23  judgment on the basis of the earth movement exclusion.

24  Everest's request for summary judgment on the basis of the general contractors warranty
25  endorsement is also denied. Everest says that "[s]ince all of the damages relate to the work of
26  Novak's independent contractors, no coverage applies." Dkt. No. 26 at 11; *see also* Dkt. No. 14 at
27  13 ("Since the alleged damages in this case relate to work performed by the independent
28  contractors, all of the alleged damages are excluded from coverage and Everest has no obligation

2

to defend and/or indemnify Novak relating to the FAC."). But the premise of the argument is faulty. The underlying complaint alleges that "Jeffrey Novak General Contractor, Inc. and DOES 1 through 30 . . . failed to meet th[e] general standard of care, constructing the property with inadequate structural support and inadequate foundation depth and integrity, causing the property to suffer differential settlement." Dkt. No. 1-1, Ex. 2 ¶¶ 61-62. Defendant DOES 1 through 30 are alleged to have been "contractors, subcontractors, materialsmen, suppliers and/or developers who *materially participated in* the initial and defective construction of the property." *Id*. ¶ 6 (emphasis added). The complaint clearly does not state, and Everest has not submitted any undisputed evidence to show, that the alleged injury in the underlying case was caused *only* by the work of Novak's independent contractors. There is a meaningful possibility that Novak has some responsibility and liability to plaintiffs in the underlying case, aside and apart from any work done by independent contractors. Even assuming that Everest is right about Novak's failure to satisfy the general contractors warranty endorsement, Everest still would not be entitled to a declaration that that failure "excludes any claim for coverage." Dkt. No. 14, Notice of Motion at 2.

Consequently, Everest's motion is denied in its entirety. Dkt. No. 14. A further case management conference is set for **March 1, 2018**, at 10:00 a.m., and a joint case management statement is due by **February 22, 2018**.

**IT IS SO ORDERED.**

Dated: January 2, 2018

JAMES DONATO
United States District Judge